UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMMY L. BELL,

                              Plaintiff,

v.                                            Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Tammy L. Bell is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. That Plaintiff was formerly known as Tammy L. Czarniak until she married on July 6, 2007.

6. Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

1

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff Tammy L. Bell incurred a consumer debt. This debt will be referred to as "the subject debt."

11. That at no time has Defendant informed Plaintiff of the amount and origin subject debt.

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff is alleged to have thereafter defaulted on the subject debt.

14. That upon information and belief, after Plaintiff's alleged default on the subject debt, Defendant NCO was employed by the owner of the subject debt to collect the subject debt.

15. That beginning in or about April of 2008, the Defendant began calling Plaintiff Bell's place of employment.

16. That during the first of these telephone calls to Plaintiff's place of employment, Defendant stated to Plaintiff that they were calling from "NCO" regarding a debt, but otherwise failed to identify the creditor for whom they were collecting. Plaintiff informed Defendant that she was not permitted to receive personal telephone calls at work, and asked Defendant to stop calling her there. Defendant immediately yelled at Plaintiff, "You have to take care of this!" and thereafter ended the call.

17. That despite Plaintiff's aforementioned instruction, Defendant NCO thereafter proceeded to make multiple telephone calls to Plaintiff at her place of employment in an attempt to collect on the subject debt. On each of those occasions, Plaintiff specifically directed Defendant to refrain from calling her at work. When Plaintiff confronted Defendant about their refusal to honor her request that they not call her at work, NCO stated that they had to call her at work because they had no other means of communicating with her.

18. On multiple occasions, NCO called Plaintiff's place of employment and left messages with Plaintiff's supervisors requesting that they leave a message with her to call them. In some of these calls, NCO did not disclose they were a debt collector during these telephone discussions.

19. On multiple occasions, Plaintiff's work supervisors stated to Plaintiff that the multiple telephone calls from NCO were annoying, that she should not be receiving personal telephone calls at work, and asked her what the calls were about.

20. At all times relevant herein, NCO possessed Plaintiff's home telephone number and address and was able to communicate her.

21. That also beginning in or about April of 2008, Defendant NCO began calling Plaintiff Bell at her home multiple times per week in an attempt to collect on the subject debt.

22. That on multiple occasions, Plaintiff informed NCO that calling her before noon was inconvenient to her because her husband worked the night shift and was sleeping during the morning hours, and requested that NCO not call her residence before noon.  Despite this request, NCO called Plaintiff's residence on multiple occasions before noon after her specific request that they not do so.

23. That during one such call to Plaintiff's home, Defendant spoke with Plaintiff's husband, James Bell.  Defendant demanded payment from Mr. Bell, and yelled, "What are you going to do about this debt?!"

24. That on at least one occasion Defendant called Plaintiff's home and left a message identifying themselves as "NCO Financial" and stated it was in regards to a debt owed by Plaintiff.  The recording was overheard by Plaintiff's mother-in-law, Lydia Bell.

25. That prior to the aforementioned telephone message Lydia Bell was unaware of the existence of the subject debt.

26. That on or about May 2, 2008, Defendant again called Plaintiff's place of employment. When Defendant told Plaintiff they did not have another telephone number to reach her Plaintiff stated, "Well, you cannot call me here."  Plaintiff Bell also informed Defendant to only contact her by mail.

27. That on or about May 4, 2008, Defendant called Plaintiff's place of employment and spoke to her boss, Paul Pacer.  An employee of Defendant identified herself as "Carmen" and said she was from "NCO Financial Services."  Carmen stated, "This is in regards to a personal financial matter" of Plaintiff Bell.  Defendant gave Mr. Pacer a telephone and reference number to give to Plaintiff.

28. That at the time of the aforementioned telephone call to Paul Pacer, Defendant NCO had already made several contacts with Plaintiff Tammy L. Bell and therefore already possessed her proper location information.

29. That prior to the aforementioned telephone call Mr. Pacer was unaware of the existence of the subject debt.

30. That on or about May 5, 2008, Defendant once again called Plaintiff's place of employment and spoke to her boss, Paul Pacer.  Mr. Pacer became annoyed at the call from Defendant and passed the telephone to Plaintiff Bell.  Plaintiff informed Defendant she had previously told them to stop calling her place of employment and terminated the call.

31. That despite Plaintiff's instructions, Defendant continued to call Plaintiff at her place of employment in an attempt to collect the subject debt.

32. That at no time has Defendant NCO Financial Services provided Plaintiff Tammy L. Bell with a written notice of the subject debt as required by 15 U.S.C. §1692g.

3

33. That as a result of Defendant's acts Plaintiff Tammy L. Bell became nervous, upset, anxious, was concerned that her employment was jeopardized and suffered from emotional distress.

## V. CAUSE OF ACTION

34. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 33 above.

35. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C §1692b(2), 15 U.S.C §1692b(3), and 15 U.S.C. §1692c(b) by failing to limit their communication with Paul Pacer and other third parties to obtaining location information, by calling third parties on more than one occasion, and by disclosing the existence of Plaintiff's debt to Paul Pacer and Lydia Bell.

    B. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by placing multiple telephone calls to Plaintiff Bell's home early in the morning and by continuing to call Plaintiff's place of employment despite being informed her employer prohibited such calls.

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass Plaintiff.

    D. Defendant violated 15 U.S.C. §1692g(a), 15 U.S.C. §1692g(a)(1), and 15 U.S.C. §1692g(a)(2) by failing to furnish Plaintiff with a written communication within five days of their first communication with her. debt .

    E. Defendant violated 15 U.S.C. §1692e(11) by failing to disclose to Plaintiff in their communications made to her through her supervisors that they were a debt collector.

36. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Tammy L. Bell became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Tammy L. Bell demands trial by jury in this action.

Dated: November 18, 2008

        /s/Kenneth R. Hiller, Esq.
        Kenneth R. Hiller, Esq.
        Amanda R. Jordan, Esq.
        Law Offices of Kenneth Hiller
        *Attorneys for the Plaintiff*
        6000 North Bailey Ave., Suite 1A
        Amherst, NY 14226
        (716) 564-3288
        Email: khiller@kennethhiller.com
                ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Tammy L. Bell affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: November 18, 2008                    /s/Tammy L. Bell__
                                            Tammy L. Bell